**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-_____

JAULISA JOHNSON,

      Plaintiff,

v.

THE KROGER CO., d/b/a KING SOOPERS, a foreign corporation

      Defendant.

## NOTICE OF REMOVAL

Defendant The Kroger Co., by and through its counsel, Larry S. McClung, Katherine M.L. Pratt, and Saugat K. Thapa of Wells, Anderson & Race, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of this action from the District Court, Arapahoe County, Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1(a)

There is no duty to confer prior to filing a Notice of Removal.

### INTRODUCTION

1. On June 22, 2022, Plaintiff filed this action in the District Court for Arapahoe County, Colorado, entitled *Jaulisa Johnson v. The Kroger Co., d/b/a King Soopers*, Case No. 2022CV31138. (**Ex. A**, Compl.; **Ex. B**, Summons). Plaintiff alleges that she slipped and fell while walking inside Defendant's King Soopers store. (**Ex. A**, Compl. ¶ 8). She alleges that she sustained injuries from the fall, "including but not limited to, her left shoulder, back and also

suffer[ed] a head concussion." (*Id*. ¶ 10). She asserts claims under the Colorado Premises Liability Act, C.R.S. § 13-21-115 and common-law negligence.

2. Plaintiff is a resident of Colorado. (**Ex. A**, Compl. ¶ 1; *see also id*. at 4: Plaintiff's address in Aurora, Colorado).

3. Defendant was served with the Summons and Complaint on June 24, 2022. (**Ex. C**, Return of Service). Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446 as it is filed within thirty days of service of the Summons and Complaint.

4. This is an action in which the district courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1441(d), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Arapahoe County, Colorado, where this action is pending.

## DIVERSITY OF CITIZENSHIP

6. A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal as required under 28 U.S.C.S. §1446(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

7. Under 28 U.S.C. §§ 1332 and 1441, defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named

defendants, and no defendant is a citizen of the forum state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

### *Plaintiff's Citizenship*

8. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton*, 749 F.3d at 1200. "A domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United States*, 88 U.S. 350, 353 (1874).

9. In determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances, and any number of factors might shed light on the subject in any given case. *Middleton,* 749 F.3d at 1200-01. This includes the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity. *Id.* at 1201 (citation and quotation marks omitted).

10. Although, "[r]esidence alone is not the equivalent of citizenship, [] the place of residence is *prima facie* the domicile." *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1999) (citations omitted).

11. Here, Plaintiff is a citizen of Colorado. Plaintiff avers that she is a resident of Colorado. (**Ex. A**, Compl. ¶ 1). She resides at 1602 S. Idalia Circle, Unit G in Aurora, Colorado

80017. (*Id*. at 4).[1] According to Colorado voter records, Plaintiff has been registered to vote in Colorado since April 29, 2008 and her registration is active. (**Ex. D**, Colorado Secretary of State Voter Registration Information) (redacted). Also, Plaintiff has availed herself of the benefits and protections of courts seated in Colorado. (*See* **Ex. E**, Voluntary Pet. For Bankruptcy filed in Case No. 17-15894-EEB in the District of Colorado, at 2 (showing Colorado address); and **Ex. F**, Verified Motion for Civil Protection Order filed in District Court, Denver County Case No. 2014DR2397 (stating that Plaintiff resides or is employed in Colorado)). Upon information and belief, Plaintiff has owned personal property and maintained a bank account in Colorado. (*See* **Ex. E**, Voluntary Pet. For Bankruptcy, at 27 (listing personal property) and at 28 (listing bank name)). Further, based on information provided by Plaintiff on the date of the alleged incident, Plaintiff is employed by Customer Solutions Group in Denver, Colorado 80222.

12. Defendant's counsel, upon diligent search, has not found any other state of residency or domicile for Plaintiff. Also, there is no indication in any publically available information to suggest that Plaintiff intends to change her domicile to any other state. Most importantly, there is no indication that Plaintiff is domiciled in the state of Ohio (Defendant's state of citizenship). Based on all of the information above, Plaintiff is domiciled in, and a citizen of, Colorado.

*Defendant's Citizenship*

13. As relevant here, for purposes of diversity jurisdiction and removal, a corporation is deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). The Kroger Co. is a corporation incorporated

---

[1] C.R.C.P. 11(a) requires the address of a party on any initial pleading.

in the state of Ohio, with its principal place of business in Cincinnati, Ohio.  (**Ex. G**, Certificate of Good Standing and Periodic Report for The Kroger Co. from the Colorado Secretary of State).

14. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant because Plaintiff is a citizen of Colorado and Defendant is a citizen of Ohio.

## AMOUNT IN CONTROVERSY

15. Under 28 U.S.C. § 1332(a), diversity jurisdiction is proper because Plaintiff is seeking a monetary judgment in excess of the $75,000 minimum amount in controversy requirement.

16. A defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), *abrogating Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir. 1995) and *Martin v. Franklin Capital Corp.,* 251 F.3d 1284 (10th Cir. 2001).  Evidence establishing the amount required by §1446(c)(2)(B) is only required when the "plaintiff contests, or the Court questions, the defendant's allegation." *Id.; see also Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006) (Defendants need only "affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" at the time of removal) (alterations and emphasis in original).  Courts should apply the same liberal rules to removal that are applied to other matters of pleading.  *See Owens,* 135 S. Ct. at 553.

17. In determining the amount in controversy, courts look to the object to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to

either party which the judgment would produce." *Id.; see also McPhail,* 529 F.3d at 954 (the sum for the amount in controversy is either the value of plaintiff's claim or what defendant may lose).

18.     When the amount in controversy is not established by the complaint, a defendant, as the proponent of federal jurisdiction, must prove by a preponderance of the evidence facts that support the amount in controversy. *McPhail,* 529 F.3d at 953-55. The defendant does not, however, have to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *Id.* at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

19.     Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to stay in federal court unless it is "'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail,* 529 F.3d at 954.

### *The Amount in Controversy Exceeds $75,000 Under 28 U.S.C. § 1332(a).*

20.     The allegations in Plaintiff's Complaint, in conjunction with the District Court Civil Case Cover Sheet that she filed in state court, demonstrate that the amount in controversy in this case exceeds the jurisdictional threshold.

21.     A "defendant may rely on an estimate of the potential damages from the allegations in the complaint" to prove facts supporting the amount in controversy by a preponderance of the evidence. *McPhail,* 529 F.3d at 955-56. Here, Plaintiff alleges that she was walking in the store when she "suddenly slipped and fell on a pool of water on the floor, causing her to fall on her left shoulder and strike her head on the floor and she sustained injuries from the fall." (**Ex. A**, Compl.

¶ 8).  She claims to have sustained injuries, "including but not limited to, her left shoulder, back and also … a head concussion."  (*Id*. ¶ 10).  She further alleges that, "[a]s a result of her injuries, [she] may incur additional medical expenses in the future."  *Id*.  Moreover, she alleges that she "incurred pain and suffering, together with lost wages, loss of enjoyment of life and physical impairment, and will in the future continue to incur such pain and suffering, loss of enjoyment of life and physical impairment due to the continuing nature of her injuries."  (*Id*. ¶ 11).

22. These types of allegations, including the nature and extent of Plaintiff's alleged injuries and damages, are sufficient evidence to demonstrate the jurisdictional amount.  *See Roadcap v. Auto-Owners Ins. Co.*, No. 14-cv-01897, 2014 U.S. Dist. LEXIS 112059 at * 4-6 (D. Colo. Aug. 12, 2014).

23. Additionally, the District Court Civil Case Cover Sheet that Plaintiff filed in state court shows that the amount in controversy requirement has been satisfied.  (**Ex. H**, District Court Civil Case Cover Sheet).  In it, Plaintiff represents that she seeks a monetary judgment ***over $100,000*** in this action.  (*Id*. ¶ 2).  Further, Plaintiff's counsel certifies under C.R.C.P. 11 that the value of Plaintiff's claims is reasonably believed to ***exceed $100,000***.  *Id*.

24. Defendant may rely on these representations in the District Court Civil Case Cover Sheet to show that the amount in controversy requirement has been satisfied.  *See Paros Properties LLC v. Colo. Casualty Ins. Co*., 835 F.3d 1264, 1272 (10th Cir. 2016) (holding that the Colorado state District Court Civil Case Cover Sheet, such as the one Plaintiff filed in this case, provides adequate notice to a defendant that the plaintiff is seeking an amount greater than the threshold for federal diversity jurisdiction) (citing *Henderson v. Target Stores, Inc*., 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006)).  Indeed, "recent decisions from the district courts in Colorado have found the

representations of the Civil Cover Sheet *sufficient* to support removal." *Ellsworth v. Home Depot USA Inc.*, No. 21-cv-00884-CMA-STV, 2021 U.S. Dist. LEXIS 99472, at *4-6 (D. Colo. May 25, 2021) (emphasis added) (citing *Estrada v. Martin Marietta Materials, Inc.*, No. 20-cv-00375-REB-SKC, 2020 U.S. Dist. LEXIS 47566, at *2-4 (D. Colo. Mar. 19, 2020)); *see also Bryant v. State Farm Mut. Auto. Ins. Co.*, No. 19-cv-02252-PAB-SKC, 2019 U.S. Dist. LEXIS 217205, at *5-6 (D. Colo. Dec. 18, 2019 and *Stazick v. State Farm Mut. Auto. Ins. Co*., No. 18-cv-03357-PAB, 2019 U.S. Dist. LEXIS 20824, at *2-4 (D. Colo. Feb. 8, 2019).

25. As such, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold. Accordingly, the jurisdictional amount in controversy requirement is satisfied in this case.

26. For the foregoing reasons, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship between the parties and the minimum amount in controversy requirement has been satisfied.

27. Pursuant to 28 U.S.C. § 1446(a), and D.C.COLO.LCivR 81.1, copies of all pleadings, process, and orders in the state court case file of which Defendant is aware are filed with this Notice. In addition to Exhibits A through H, attached are: (a) a copy of the docket sheet from the state court action, **Exhibit I**; (b) the state court's Delay Reduction Order & Order Regarding Plan for Settlement, dated June 22, 2022, **Exhibit J**; (c) Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint Until July 29, 2022 and Proposed Order, **Exhibit K**; (d) the state court's Order Granting Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint Until July 29, 2022, dated July 12,

2022, **Exhibit L**; and (e) a copy of Defendant's Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1, **Exhibit M**.

28. Under 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court for Arapahoe County, Colorado. A copy of this Notice of Removal has been served on Plaintiff's counsel, as indicated on the attached Certificate of Service.

29. Defendant states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

**WHEREFORE**, Defendant The Kroger Co. hereby removes this action from the District Court, Arapahoe County, Colorado, to the United States District Court for the District of Colorado.

Dated this 22nd day of July, 2022.

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

By: *S/ Larry S. McClung*
Larry S. McClung
Katherine M.L. Pratt
Saugat K. Thapa
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
Email: lmcclung@warllc.com
kpratt@warllc.com
sthapa@warllc.com

*Attorneys for Defendant*

*Original Signature on File at the Offices of*

*Wells, Anderson & Race, LLC*

<u>Defendant's Address:</u>

1014 Vine St.,
Cincinnati, Ohio 45202-1100

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing, **NOTICE OF REMOVAL** with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, and emailed to the following:

    Sean B. Walsh
    Richard C. Casey
    LAMPERT & WALSH, LLC
    5281 South Quebec Street
    Greenwood Village, Colorado 80111
    Email: rich.casey@lampertwalsh.com
           sean.walsh@lampertwalsh.com

*Attorneys for Plaintiff*


*S/ Kathleen Porter*

Kathleen Porter

*[Original Signature on File at the Law Office of Wells, Anderson & Race, LLC]*