| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, COLORADO**<br>Address:  7325 South Potomac Street<br>            Centennial, Colorado 80112<br>Telephone: 303-649-6355 | DATE FILED: June 22, 2022 11:20 AM<br>FILING ID: BF4E8E22267AC<br>CASE NUMBER: 2022CV31138 |
| **Plaintiff:**   **JAULISA JOHNSON**<br><br>v.<br><br>**Defendant:**  **THE KROGER CO., dba KING SOOPERS, a foreign corporation** | ▲ COURT USE ONLY ▲<br>_____<br>Case Number:<br><br>    2022-CV-_____ |
| **Attorneys for Plaintiff:**<br>Sean B. Walsh, Atty. Reg. No.: 35141<br>Richard C. Casey, Atty. Reg. No.: 39011<br>LAMPERT & WALSH, LLC<br>5281 South Quebec Street<br>Greenwood Village, Colorado 80111<br>Telephone: 720-489-5848<br>Facsimile: 720-489-0540<br>rich.casey@lampertwalsh.com | Div: ___ |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff Jaulisa Johnson, by and through her attorneys, Lampert & Walsh, LLC, for a Complaint and Jury Demand against The Kroger Co., doing business as King Soopers, avers and states as follows:

## GENERAL ALLEGATIONS

1.      That at all times material hereto, Plaintiff was a resident of the City of Aurora, Colorado.

2.      That at all times material hereto, Defendant The Kroger Co., dba King Soopers (hereinafter "Kroger") was a foreign corporation in good standing with its registered agent being Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

3.      That pursuant to Rule 98(c)(5) of the Colorado Rules of Civil Procedure, venue in this Court is proper in that an action shall be tried in the county where the tort was committed.

# EXHIBIT A

4. That on or about August 3, 2020 Plaintiff was lawfully on the subject premises of the King Soopers supermarket located at 15250 East Mississippi Avenue in Aurora, Colorado (hereinafter "King Soopers").

5. Upon information and belief, Kroger owned and operated the King Soopers store and maintained the premises at the above referenced location at all times material hereto.

6. That on or about August 3, 2020 Plaintiff was an "invitee" on the premises of the King Soopers store pursuant to C.R.S. § 13-21-115.

7. That at all times material hereto, Defendant, upon information and belief, had a duty to maintain, clean and eliminate dangerous conditions including water on the floor of the meat and seafood area of the store, which was open to the public on or about August 3, 2020.

8. On August 3, 2020, Plaintiff was shopping inside the King Soopers supermarket in the meat and seafood area and as she was walking she suddenly slipped and fell on a pool of water on the floor, causing her to fall on her left shoulder and strike her head on the floor and she sustained injuries from the fall.

9. An employee of Defendant was watering a nearby seafood tank with a hose both prior to and subsequent to Plaintiff's fall.

9. Upon information and belief, Defendant failed to place any caution or warning signs regarding the dangerous condition on the floor where the water was located.

10. As a direct and proximate result of the above-described accident, Plaintiff sustained injuries from the slip and fall accident, including but not limited to, her left shoulder, back and also suffering a head concussion. As a result of her injuries, Plaintiff may incur additional medical expenses in the future.

11. As a further and direct and proximate result of the above-described accident, Plaintiff incurred pain and suffering, together with lost wages, loss of enjoyment of life and physical impairment, and will in the future continue to incur such pain and suffering, loss of enjoyment of life and physical impairment due to the continuing nature of her injuries.

**FIRST CLAIM FOR RELIEF**
*(Premises Liability Pursuant to C.R.S. § 13-21-115 - Defendant The Kroger Co. dba King Soopers)*

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. Plaintiff was on the subject premises at the King Soopers supermarket on or about August 3, 2020.

14. Plaintiff was an "invitee" of the King Soopers store and Defendant was the "landowner" pursuant to C.R.S. § 13-21-115 at all times material hereto.

15. Defendant, through its agents and/or employees, actually knew or should have known of the dangerous conditions which existed on the floor inside the store.

16. Defendant, through its agents and/or employees, failed to use reasonable care to protect invitees such as Plaintiff against the dangers or remove the dangerous conditions on the subject premises.

17. Defendant, through its agents and/or employees, failed to warn invitees on the subject premises of dangerous conditions they knew or should have known about, and failed to make corrective efforts to eliminate the dangerous conditions.

18. Defendant, through its agents and/or employees, failed to maintain the subject premises in the meat and seafood area of the store or otherwise safeguard the area from a dangerous condition.

19. Defendant was responsible for the condition of the subject premises described herein and its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff and others similarly situated.

20. Defendant unreasonably failed to exercise reasonable care by its agents and/or employees' failure to warn of the unreasonable danger to its invitees and is liable to Plaintiff for the damages caused.

21. As a direct result of the aforementioned failure(s) of Defendant, its agents and/or employees, to protect invitees against the danger on the subject premises, as described above, Plaintiff incurred damages as set forth above in paragraphs 10 and 11 above.

## SECOND CLAIM FOR RELIEF
*(Negligence-Defendant The Kroger Co. dba King Soopers)*

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. Defendant, through its agents and or/employees, negligently created a dangerous condition on the subject premises as more fully described above.

24. Defendant, through its agents and/or employees, were further negligent in failing

to warn invitees via inspection, signs, or providing other warning efforts regarding the floor inside the store to invitees on the subject premises.

25. Defendant failed to identify and/or remove a dangerous condition they knew or should have known about.

26. Plaintiff incurred damages as set forth in paragraphs 10 and 11 above.

27. Defendant's negligence was the cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant in an amount to be determined at trial of the civil action, together with costs, interest from the date of the judgment and such other and further relief as this Court deems proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 22nd day of June, 2022.

**LAMPERT & WALSH, LLC**

*A duly signed original is on file at the law offices of Lampert & Walsh, LLC*

*/s/ Richard C. Casey*
Richard C. Casey
COUNSEL FOR PLAINTIFF

Plaintiff's Address:
1602 S. Idalla Circle, Unit G
Aurora, CO 80017-5084